UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20449-BLOOM/Otazo-Reyes**

FABIOLA MUNOZ,

    Plaintiff,

v.

HOMETOWN BAR-B-Q #2, LLC and
HOMETOWN BAR-B-Q, LLC,

    Defendants.
_____/

## ORDER ON MOTION TO SET ASIDE DEFAULT

**THIS CAUSE** is before the Court upon Defendants Hometown Bar-B-Q #2, LLC and Hometown Bar-B-Q, LLC (together, "Defendants"), Unopposed Motion to Set Aside Clerk's Default, ECF No. [21] (the "Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff commenced this case by filing its Complaint, ECF No. [1], in which she asserts claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, against Defendants. Defendants were served with process. *See* ECF Nos. [9], [10]. When Defendants failed to timely respond to the Complaint, Plaintiff sought and obtained a clerk's default against them. *See* ECF No. [16]. Defendants then filed the instant Motion, requesting that the Court set aside the Clerk's default entered against them, asserting that they have not ignored this litigation, and they have meritorious defenses to Plaintiff's claims.[1]

---

[1] Defendants have also filed a proposed Answer and Affirmative Defenses, ECF No. [21-3] ("Answer"), attached to the Motion.

Rule 55(c) of the Federal Rules of Civil Procedure provides the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered [1] whether the default was culpable or willful, [2] whether setting it aside would prejudice the adversary, and [3] whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951; *see also S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (considering "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary[;] (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default") (internal quotations and citations omitted). "To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief." *Baker v. Warner/Chappell Music, Inc.*, No. 14-cv-22403, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Upon review, Defendants have shown good cause necessary for setting aside the Clerk's default here. Defendants' default was neither culpable nor willful as those terms are understood in the Rule 55(c) context. "[A] 'party willfully defaults by displaying either an intentional or reckless

disregard for the judicial proceedings.'" *Johnson*, 436 F. App'x at 945 (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause. *See*, *e.g.*, *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ., 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla. June 19, 2013) (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Defendants assert that as a result of a mistaken assumption by Defendants' principal, Defendants failed to timely respond to the Complaint after being served with process. Nevertheless, upon recognizing the error, Defendants have now retained counsel who filed the instant Motion less than five days after being retained. Under these conditions, Defendant's default was not culpable or willful. In addition, little prejudice will result from setting aside the Clerk's defaults. Indeed, the Motion is unopposed. Furthermore, the Court finds, as demonstrated by the affirmative defenses in Defendants' Answer, that they have potentially meritorious defenses. "[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008)

Case No. 21-cv-20449-BLOOM/Otazo-Reyes

(quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). The Court, thus, will permit Defendants to defend against the allegations asserted by Plaintiff in the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [21]**, is **GRANTED**.
2. Defendants shall separately re-file their Answer, **no later than August 13, 2021**.
3. The Clerk of Court is directed to **SET ASIDE** the Clerk's default, **ECF No. [17]**.
4. The parties shall comply with the Court's Order, ECF No. [4], **by September 1, 2021.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record